UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | 5:07-CR-5 |
| | § | |
| GARY TRICE | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On October 11, 2011, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by Craig Henry.

Gary Trice ("Defendant" or "Mr. Trice") was sentenced on December 5, 2007, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of three counts of mail fraud, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years per count. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of I, was 12 to 18 months. Mr. Trice was subsequently sentenced to 12 months and 1 day imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include payment of the financial penalty; financial disclosure; prohibition of opening new lines of credit; drug testing; and drug treatment. On December 26, 2007, Mr. Trice completed his period of imprisonment and began service of the supervision term. On December 27, 2007, the Court ordered modification of Mr. Trice's conditions to include placement at the halfway house until Mr. Trice was able to establish a residence of his own.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not leave the judicial district without permission of the Court or probation officer**. Specifically, the Government alleges as follows. Mr. Trice was temporarily residing in the Eastern District of Arkansas and was instructed to return to the Eastern District of Texas not later than April 3, 2009. Mr. Trice did not return to this jurisdiction, nor did he remain in the other jurisdiction. Mr. Trice traveled to the Middle District of Florida, without permission, as evidenced by his arrest on April 5, 2009, by the Jacksonville, Florida Sheriff's Office.

2) **Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.** Specifically, the Government alleges as follows. Mr. Trice failed to submit monthly reports during the first five days of April and May 2009, as required.

3) **Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** Specifically, the Government alleges as follows. Mr. Trice was directed by the U.S. Probation Officer Michelle Sims of the Eastern District of Arkansas to report back to the Eastern District of Texas not later than April 3, 2009. As of the date of the petition, Mr. Trice had failed to do so. He was further instructed by this officer to maintain telephone contact until he returned to this district by the established deadline. He was directed to contact this officer upon his return to the probation office within 24 hours of his return to the District. As of the date of the petition, Mr. Trice's whereabouts were unknown, and he had made no effort to contact the probation office.

4) **Defendant shall notify the probation officer ten days prior to any change of residence or employment.** Specifically, the Government alleges as follows. Mr. Trice moved from his last address of record, and his current whereabouts are unknown. He was specifically directed by this

officer to notify the probation office of his new residence and to advise of any change in phone number. The phone numbers previously provided by Mr. Trice are no longer valid.

5) **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** Specifically, the Government alleges as follows. Mr. Trice was arrested by the Jacksonville, Florida, Sheriff's Office on April 5, 2009. As of the date of the petition, he had failed to report the arrest to the probation office.

6) **Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.** Specifically, the Government alleges as follows. Mr. Trice has been given specific instructions regarding the payment of his financial penalties. Every effort has been made by the probation office to work with Defendant in establishing a reasonable payment schedule. Mr. Trice has failed to make any payments toward his restitution since November 2008. Most recently, on March 17, 2009, he was instructed to make a minimum payment of $700 not later than March 25, 2009, and provide verification to the probation office. Mr. Trice faxed a copy of an $825 money order to the probation office, but he never submitted the payment to the District Clerk's office for processing. At the time of the petition, Defendant's remaining restitution balance was $36,240.50.

The Court scheduled a revocation hearing October 11, 2011. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the first, third, and fifth allegations. The Government dismissed the remaining allegations. Based upon Defendant's plea of true to the first, third, and fifth allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the

sentence, which was agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 days, with credit for 30 days having already been served, with a two-year term of supervised release to follow said term of imprisonment. The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

Defendant shall pay restitution which totaling $36,240.50 to the victim listed in the "Victim Impact" section of the Presentence Report. The restitution payments shall begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. Interest is waived.

It is further recommended that Defendant provide the probation officer with access to any

requested financial information for purposes of monitoring his restitution payments and his efforts to obtain and maintain lawful employment; that Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; that Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; and that Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the first, third, and fifth allegations be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 days, with credit for 30 days having already been served, with a two-year term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that the Court impose the conditions of supervised release outlined above. It is further

**RECOMMENDED** that the Court request that Defendant be supervised by a probation office from within the Beaumont Division of the Eastern District of Texas.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed.

Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 12th day of October, 2011.**

                                                _____
                                                CAROLINE M. CRAVEN
                                                UNITED STATES MAGISTRATE JUDGE